UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| STEPHEN PATRICK WEBB, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16CV11 HEA |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL[1], | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385 . For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

On July 6, 2011, following a hearing, an ALJ delivered a decision finding Plaintiff was not under a disability as defined in the Act. On August 8, 2012, The

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

Social Security Administrationqww Appeals Council granted Plaintiff's request for review and remanded the case back to an ALJ for further evaluation of Plaintiff's residual functional capacity (RFC) and a new decision. On November 6, 2013 a hearing was conducted in Columbia and Hannibal, Missouri via video. Plaintiff appeared by video teleconference from Hannibal, Missouri, The ALJ was by video from Columbia, Missouri. The Vocational Expert, John McGowan, appeared as well from Columbia, Missouri.

Plaintiff was born on September 26,, 1962. He was 45 years old at the time of the alleged onset disability. Plaintiff did not complete high school but has his GED.

Plaintiff claimed disability due to scoliosis, hyperthyroidism, right knee pain, infected teeth, major depression, and hearing loss. He testified that sometimes he is unable to focus and concentrate; sometimes, has difficulty in maintaining good hygiene; doesn't like being around people sometimes because it seems they talk about irrelevant things;

At the hearing Plaintiff testified that he has depression but has not actually been treated. Plaintiff references certain internet sites to find ways to deal with his depression. Plaintiff noted that sometimes he feels overwhelmed and has flashbacks relating to a vehicular accident he was involved in some considerable time prior to the hearing. In relation to treatment for the depression he stated he

had not seen anyone after 2009 until he saw a doctor shortly prior to the hearing. He also testified that he can stand for no longer than 15 minutes or so because longer than that causes him to experience great pain.

Plaintiff testified that he previously worked in customer service mostly answering phones and talking to people on the phone regarding complaints they had. He also worked as a commercial driver transporting freight from 1992 to 2007.

There was testimony from Dr. John McGowan, the Vocational Expert. Dr. McGowan testified and classified the past work experience of the Plaintiff in relation to the Dictionary of Occupational Titles and in consideration of hypotheticals put to him by the ALJ. . Based upon all of those considerations and the stated hypotheticals of the ALJ, including stated limitations, the Vocational Expert concluded there were jobs at the medium work level available for the Plaintiff such as a warehouse worker, laborer, packer of agricultural produce, and industrial cleaner. The second hypothetical posed found Plaintiff to be at the light level. The Vocational Expert found there to be jobs available for electric sealing machine operator, packing and filling machine operations. The third hypothetical put by the ALJ assumed all the factors of the first two and included assuming there were problems getting out of the house due to depression, regularly missing work at least once per month.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on March 24, 2015. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the specific issues in this case are whether (1) the ALJ properly evaluated the severity of Plaintiff's impairments, (2) whether the ALJ properly evaluated Plaintiff's mental impairment at step three of the sequential evaluation process, and (3) whether the ALJ properly relied on the testimony of the vocational expert at step five.

## Standard for Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not

only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the

ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id...* At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the

- 7 -

evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful employment from the onset date of March 17, 2008. The ALJ found at Step Two that Plaintiff had the severe impairments of scoliosis; hyperthyroidism; and major depression .

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926) .

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that the Plaintiff is limited to simple and routine tasks. He can maintain adequate attendance and sustain an ordinary routine without special supervision. He can interact adequately with peers and supervisors in a work setting that has limited demands for social interaction, defined as occasional superficial, non-confrontational, and non-negotiation types of interactions with coworkers, supervisors, and the general public and work that does not involve team effort in decision-making, development of goals and priorities, building of a consensus, or negotiated outcomes. At Step Four it was the finding of the ALJ that Plaintiff had past relevant work, but was unable to perform it.

At Step Five the ALJ concluded that Plaintiff was not under a disability.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a

reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

**I. Did the ALJ properly evaluate the severity of Plaintiff's impairments?**

Plaintiff asserts that the ALJ erred in finding that his high blood pressure, knee impairment, history of right ankle surgery, scoliosis, tinnitus, chronic fatigue/pain, plantar fasciitis, and posttraumatic stress disorder (PTSD) were not severe impairments. In this regard, he has the burden of establishing that which is included in the listings and objective medical reports documenting that the condition meets all the specific criteria of the applicable listing. *See Boettcher v. Astrue,* 652 F. 3d 860, 863-64 (8th Cir. 2011).

The record does not support the conclusion of the Plaintiff and the objective evidence does not support that he had high blood pressure so significant that it resulted in any significant work-related limitations. The examination of Dr. Heligman reflects a reading in May of only 136/68 and there is no evidence in the record of end organ damage or any other complications due to mild hypertension.

A further review of the record demonstrates the ALJ clearly considered the other aspects of Plaintiff's complaints and reasonably evaluated their impact in relation to the ultimate conclusion. The record demonstrates there is mild scoliosis but is devoid of any significant work-related limitations. It was noted by Dr. Seligman that Plaintiff tested positive for four Waddell signs. "Waddell signs are physical signs used to detect non-anatomical components to chronic low back pain.

Three or more positive results correlates to the presence of non-organic factors, including possible malingering." *Ulrich v. Astrue*, No. 2:10CV89 JCH LMB, 2011 WL 7401681, at *8 (E.D. Mo. Dec. 2, 2011), report and recommendation adopted, No. 2:10CV89 JCH LMB, 2012 WL 549813 (E.D. Mo. Feb. 21, 2012)(citing *Hillery v. Ltd. Long–Term Disability Program,* No. 4:04CV1718 CDP, 2005 WL 2346957, at *2 n. 3 (E.D. Mo. Sept. 26, 2005)).

It is elementary that objective medical evidence must be utilized to establish a medical determinable impairment. Here, Plaintiff complained of tinnitus, but the record has no evidence supportive of this complaint. The most relevant related record demonstrated a hearing screening in March of 2008 but it failed to delineate any abnormal findings. Plaintiff also noted a past history regarding traumatic events. There is evidence of a consulting psychologist relative this report, however, the psychologist noted the events did not justify a diagnosis of PTSD. Such claims may be discredited in the absence of supporting records. *Chaney v. Colvin*, 812 F.3d 672, 677–78 (8th Cir. 2016); *Turpin v. Colvin,* 750 F. 3d 989, 993 (8th Cir. 2014). There was also a period of time where Plaintiff was homeless and depressed. As correctly noted by defendant situational stressors are not a basis for an award of benefits. *See Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010); *Dunahoo v. Apfel*, 241 F.3d 1033, 1039–40 (8th Cir. 2001)(holding that depression was situational and not disabling because it was due to denial of food stamps and

workers compensation and because there was no evidence that it resulted in significant functional limitations).

Another basis for relief posited by Plaintiff is that his global assessment of functioning (GAF) scores were in the 40s. The ALJ found that GAF scores are simply a snapshot of an individual's level of functioning on a particular day due to a combination of psychological, social, and environmental problems. Plaintiff was issued GAF scores in the 40s when he was dealing with a period of homelessness, which the assessing clinicians specifically noted in assessing the low GAF scores. Basically normal mental status examination findings were elsewhere in the record and there was a lack of any ongoing treatment. As a consequence the ALJ's conclusion was correct.

Plaintiff's assertions are refuted by the record. Treatment records to which he refers were all the back in 2009 and do not establish an impairment lasting for 12 months or longer. In *Barnhart v. Walton*, 535 U.S. 212 (2002), the Supreme Court upheld the Commissioner's interpretation of this statutory definition which requires that the disability, and not only the impairment, must have existed or be expected to exist for 12 months. In addition, Plaintiff did not follow up with any further treatment. Failure to seek treatment over a four-year period for allegedly disabling impairments weighs against a claimant's subjective reports. *Milam*, 794 F.3d at 985.

The ALJ agreed Plaintiff suffered from major depression and included limitations supported by the record. The ALJ properly accounted for Plaintiff's major depression symptoms to the degree they were consistent with the record as a whole. A hypothetical is sufficient if it includes the impairments supported by substantial evidence and found credible by the ALJ. *See Blackburn v. Colvin*, 761 F.3d 853, 860-61 (8th Cir. 2014).

**II. Did the ALJ Properly Evaluate Plaintiff's Mental Impairment?**

A finding of disabled at step three of the sequential evaluation process based on an affective disorder requires a claimant display multiple symptoms of depressive syndrome, manic syndrome, or bipolar syndrome resulting in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. 20 C.F.R pt. 404, subpt. P, app. 1, § 12.04(B). Defendant correctly notes that Listing § 12.04 may be established through a "medically documented history of a chronic affective disorder of at least 2 years duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:"

    1. Repeated episodes of decompensation, each of extended duration; or

> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

*Id*. at § 12.04(C).

Plaintiff asserts the ALJ erred in determining that he had only mild limitations in the domain of daily activities because he looked at "two different time eras." The pertinent time period in the record runs from March 17, 2008 to December 13, 2013 (the onset date to the date of the ALJ decision). The evidence the ALJ referenced was from the requisite period of time and the conclusions are supported by the record.

The record disqualifies the assertions set out by Plaintiff in relation to the requirements of the Listing. Plaintiff stated during his application interview that he performed household chores, watched the news, and did research at the library. He even stated that he worked part-time in 2013 doing maintenance on machinery and also worked a number of months as a customer service representative. The record does not reflect any limitation on providing self-care and personal hygiene, eating, preparing food, communicating, or caring for his residence. There is considerable opinion evidence in the record, in addition to evidence of Plaintiff's functioning, which is supportive of the ALJ conclusion and findings. The state agency

reviewing psychologist and a licensed psychologist both opined Plaintiff had only mild limitations in his daily activities.

In addition , as Defendant correctly notes, contrary to Plaintiff's assertion, there is no support in the record for the assertion that Plaintiff lived in a supportive environment that would fall within the definitional boundaries of Listing §12.04 (C).

**III. Did The ALJ Properly Rely on The Testimony of The Vocational Expert at Step Five?**

Plaintiff asserts there is deficiency in the ALJ's determination at step five of the sequential evaluation. The essence of his concern with the Vocational Expert is with regard to his qualification to testify and a lack of weight or relevance to his claim for benefits or finding on the issue of his disability. However, it is clear that a vocational expert may be relied upon by an ALJ at steps four and five of the sequential evaluation process. *See, e.g.*, *Boyd v. Colvin*, 831 F.3d 1015, 1021–22 (8th Cir. 2016); *Nelson v. Sullivan*, 946 F.2d 1314, 1317 (8th Cir. 1991); *Trenary v. Bowen*, 898 F.2d 1361, 1365 (8th Cir. 1990).

After careful review, including the Social Security Reply Brief [Doc. No. 24] filed by Plaintiff, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 20th day of October, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE